Argued at Pendleton May 8, affirmed September 25, 1928.

A. G. PADDOCK *v.* PATIENCE PADDOCK.

(270 Pac. 1118.)

For appellant there was a brief and oral argument by *Mr. J. S. Hodgin.*

For respondent there was a brief over the names of *Messrs. Cake, Cake & Liljeqvist* and *Mr. H. E. Dixon,* with an oral argument by *Mr. Wm. Cake.*

ROSSMAN, J.—The issues presented to us by the parties are purely questions of fact. On the 325 pages of testimony we find a narration of the unhappy experiences which developed as the result of this marriage. For approximately six years the marriage endured; but in the meantime one or the other committed an act, spoke a word or developed an ill-chosen habit which affronted the mate. This brought on a succession of events which finally culminated in the present suit for a divorce, surcharged with accusations concerning petty grievances and serious wrongs. We have given due consideration to the pleadings and have read the testimony with great care in an endeavor to determine whose act, word, conduct or disposition should be held accountable for the sad failure of the venture undertaken six years ago. We have also read and studied the findings and the decree of the judge of the Circuit Court. For our source of information concerning the facts of this case we are compelled to resort to typewritten parchment, which gives no indication whether the witness was of such character that he resented an unfair question, faltered and hesitated when she or he was asked to make public the innermost secrets of the

domestic establishment, or whether the witness answered glibly and with apparent relish and partisanship. The able judge of the lower court, who has had much experience upon the bench, was not thus handicapped. After seeing the witnesses and their mannerisms, hearing their voices and observing their associations with the one side or the other, he awarded the court's decree to the defendant; we shall do the same. We deem it unnecessary and of no value to the Oregon Reports to set forth our consideration and comparison of the evidence. It will suffice to observe that the breakdown in the plaintiff's home was not necessarily caused when the defendant was occasionally in the company of Wilbur Davis, a friend of both parties of many years' standing. But we believe that the source of the husband's troubles had its inception when the defendant failed to find any longer in her association with him, the companionship, pleasure and affection that once was there. These qualities she found missing after the plaintiff embraced careless habits and a thoughtless attitude toward his wife, a year or two after the marriage; these are described in the lower court's findings. The loss of his wife's affections was the inevitable consequence.

At the conclusion of the taking of the evidence counsel for the defendant announced that she would make a deed to the plaintiff of any interest in the plaintiff's real property granted to her by the decree; the decree awarded to the defendant, as we have observed before, an undivided interest to a parcel of real property owned by the plaintiff; we assume that the aforementioned deed will be promptly forthcoming. The decree should make clear the

right of the father to visit and have the company of the child at all proper times.

Affirmed.  Costs to neither party.

RAND, C. J., and COSHOW and BEAN, JJ., concur.